UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie James Pilcher, Jr., #303616, | ) C/A No. 2:14-00336-DCN-BHH |
| Plaintiff, | ) |
| v. | ) |
| Larry Cartledge, *Warden*; Lt. Capt. Church; and Ms. C. Johnson, *IGC, in their individual and official capacity*, | ) Report and Recommendation ) for Partial Summary Dismissal |
| Defendants. | ) |

This is a civil action filed by a state prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss Defendant Ms. C. Johnson, *IGC*, without prejudice and without issuance and service of process. In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C.

§1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Although Plaintiff's handwriting is difficult to read, it appears that Plaintiff complains about an incident on July 31, 2013; he alleges that he was "physically assaulted" by Defendant Church" who used "fogger gas" for "no reason." (Dkt. No. 1 at 3 of 4.) Plaintiff further alleges that Defendant Cartledge "strip[ped] . . . out" Plaintiff's cell "for no reason" and that Cartledge "engage[d] the [illegible] to gas [Plaintiff] . . . and strip [him] out." (Id.)

As to Defendant Johnson, Inmate Grievance Coordinator, Plaintiff alleges that he filed a grievance on or about August 4, 2013, but Johnson "lost or destroyed [his] grievance." (Id.) Plaintiff asserts that he wrote Johnson a request concerning the grievance, and she "stated that no grievance was filed . . . and that she would forward [his] grievance to the . . . investigator" at Perry Correctional Institution. (Id.) According to Plaintiff, Johnson "destroyed that request," as it "never made it to the investigator." (Id.)

Plaintiff seeks, *inter alia*, compensatory and punitive damages. (Dkt. No. 1 at 4 of 4.)

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994)(quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff provides sufficient factual information to withstand summary dismissal against Defendants Cartledge and Church. However, Plaintiff's claim against Defendant Johnson is subject to summary dismissal.

Plaintiff's complaints against Johnson are that she "destroyed," "lost," or "trashed" his grievances. (See generally Dkt. No. 1.) Plaintiff's claim against Johnson is subject to dismissal because inmates have no constitutionally protected right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); see also Howard v. Phillips, Civ. A. No. 7:11CV00103, 2011 WL 1428074, at *2 (W.D. Va. Apr. 13, 2011). Even if Johnson's actions violate the policies of the South Carolina Department of Corrections ("SCDC"), the fact that a Defendant has not followed SCDC's policies or procedures, standing alone, does not amount to a constitutional violation. Keeler v. Pea, 782 F. Supp.

42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); see also United States v. Caceres, 440 U.S. 741, 754-55 (1979) (noting that "none of respondent's constitutional rights" were violated "by the agency violation of its own regulations"); Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

As Plaintiff's claim against Johnson is not cognizable under 42 U.S.C. § 1983, this Defendant should be summarily dismissed from the action.

### RECOMMENDATION

It is recommended that the Complaint be dismissed without prejudice and without issuance and service of process as to Defendant Ms. C. Johnson, *IGC*.

Plaintiff's attention is directed to the important notice on the next page.

April 3, 2014                                             s/Bruce Howe Hendricks
Charleston, South Carolina                    United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).