IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eddie James Pilcher, Jr., ) | C.A. No.: 2:14-cv-336-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **REPORT & RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Larry Cartledge, Warden; Lt./Capt. Church; ) | |
| Lt. Robertson; Lt. Root; Sgt. Thurber; Ofc. ) | |
| Creel; Ofc. Tucker; and Ofc. Moultrie, ) | |
| in their individual and official capacity, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on Defendants' Motion for Summary Judgment. (Dkt. No. 78.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff brought this action on or about February 7, 2014 and filed an amended complaint on August 27, 2014. (See Dkt. No. 1; Dkt. No. 56.) On January 2, 2015, the Defendants filed a Motion for Summary Judgment. (Dkt. No. 78.) By order filed January 8, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 20, 2015, the Plaintiff filed Plaintiff's Response in Opposition to Defendants [sic] Motion for Summary Judgement. (Dkt. No. 85.) On January 29, 2015, the Defendants filed Reply to Response to Summary Judgment. (Dkt. No. 87.) On February 4, 2015, Plaintiff filed Sur-Reply to Defendants [sic] Reply to Response to Summary Judgement. (Dkt. No. 88.)

## **ALLEGED FACTS**

On July 31, 2013, the Plaintiff was a state prisoner housed at Perry Correctional Institute ("PCI"). (Dkt. No. 1). A Force Cell Movement Team ("FCMT") was assembled because the Plaintiff was not complying with orders. (Dkt. No. 85 at 1 of 16; Dkt. No. 85-1 at 1 of 3; Dkt 85-2 at 7 of 10.) The FCMT included Defendants Robinson, Root, Thurber, Creel, Tucker, and Moultrie. (Dkt. No. 78-1 at 5 of 7.) The FCMT captured all of their interactions with the Plaintiff on video. The court ordered production of the video on the Plaintiff's motion and reviewed the video as a Plaintiff's exhibit. (Dkt. No. 93.)

The following facts are clear from viewing the video as requested by the Plaintiff. The FCMT approached the Plaintiff's cell door, and Defendant Church instructed the Plaintiff to come to the door. The Plaintiff responded "no." The Plaintiff hid behind a mattress. Defendant Church administered mace into the cell. Again Defendant Church instructed the Plaintiff to come to the door. He remained behind the mattress and refused to come out. Defendant Church administered mace a second time. Defendant Church instructed the Plaintiff to come to the door a third time. Still he did not comply, and the FCMT entered the cell and took the Plaintiff to the floor. Once he was on the floor, one of the team members near the Plaintiff's head does appear to move his hand toward the Plaintiff's head two or three times in a manner that could be consistent with punching. The Plaintiff was subdued quickly. In his amended complaint, Plaintiff states Defendant Cartledge "encouraged the FCMT to gas me w/out cause." (Dkt. No. 56 at 3 of 5.)

The Plaintiff claims that after the FCMT entered his cell, he was not allowed to decontaminate his cell. (Dkt. No. 56 at 4 of 5.) The Plaintiff states he was in physical pain for several days and was seen by medical staff. (Dkt. No. 85-1 at 2 of 3). He claims he still suffers mental distress. (Id.) He does not allege any significant or long lasting

physical injuries. A member of the prison's medical staff examined the Plaintiff after the use of force and found the Plaintiff "at cell door with no difficulty breathing....[his] face appears symmetrical [,] and thumb [has] no noted swelling of gross deformity at this time." (Dkt. No. 78-5.)

The Plaintiff claims Ms. Johnson[1] "lost or destroyed" his grievance regarding this event. (Id.) He claims he wrote Ms. Johnson about the grievance, and she stated that she never received it but would forward the issue to an investigator. (Id.) The Plaintiff claims she destroyed that "request" as well. (Id.)

## APPLICABLE LAW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was

---

[1] Ms. Johnson was never served in this case, and the complaint against her was dismissed. (See Dkt. No. 16)

committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); see also Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

## **ANALYSIS**

The Plaintiff claims the Defendants violated his Eighth Amendment right to be free from "cruel and unusual punishments" by the use of excessive force against him. U.S. CONST. amend. VIII. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The inmate must show that the "prison official acted with a sufficiently culpable state of mind (subjective component); and the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008)(citing Williams, 77 F.3d at 761). To satisfy the subjective component, a plaintiff must show that "the measure taken inflicted unnecessary and wanton pain and suffering" by showing the force was applied "maliciously and sadistically for the very purpose of causing harm" as opposed to "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986)(internal quotation marks omitted). To determine if the actions were taken "maliciously or sadistically for the very purpose of causing harm" the court must weigh (1) the necessity of the force; (2) "the relationship between the need and the amount of force"; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Id. at 321.

The use of mace or tear gas on inmates confined in their cell is not *per se* unconstitutional. Williams, 77 F.3d at 761. However it is necessary to examine the

"totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determin[e] the validity of the use of tear gas in the prison environment." Id.

In viewing the facts in the light most favorable to the Plaintiff, there is no genuine issue of material fact in this case, and summary judgment should be granted to the Defendants. Applying these facts to the subjective component of the Iko two prong test, the actions of the Defendants in this case were taken to restore discipline and order in the prison, not maliciously or sadistically. Even viewing the facts in the light most favorable to the Plaintiff and on the video examined as his exhibit, the Plaintiff refused to follow the directives of the Defendants multiple times.

All four of the Whitley factors weigh in the Defendants' favor. The force was necessary as the Plaintiff refused to comply with any orders and barricaded himself behind his mattress. In examining the second and fourth factors of Whitley together by comparing the need of force and the risk posed to the FCMT to the amount of force used, the video shows the mace was used incrementally between repeated requests for the Plaintiff to comply with orders of the prison guards. The Plaintiff still did not comply after several separate bursts of mace were administered. Only when the mace failed to bring the Plaintiff into compliance did the FCMT enter the cell and have physical contact with the Plaintiff.

The Plaintiff alleges he was struck in the face by a member of the FCMT, and the video shows an action consistent with the Plaintiff's allegation. However, the video also shows the action took place during the struggle in the Plaintiff's cell, within seconds of the FCMT entering the cell and before the Plaintiff is subdued and restrained. Assuming *arguendo*, that a member of the FCMT did strike the Plaintiff in the face with a closed fist as alleged, no reasonable juror could conclude it was done maliciously or sadistically

under these circumstances. The force was administered to subdue the Plaintiff after he had been belligerent for some time and remained so despite lesser types of force being used. The strikes were given while the Plaintiff struggled and fought against the guards trying to restrain him.[2] The actions taken by the FCMT were necessary to subdue the Plaintiff and in proportion to the threat he was posing. The Plaintiff had no long lasting or serious bodily injuries from the event that required any medical attention beyond medication. (Dkt. No. 85-2 at 2-3 of 10.) "The mere incantation of 'physical and mental injury,' of course, is inadequate to survive a motion for summary judgment." Strickler v. Waters, 989 F.2d 1375, 1381 n.9 (4th Cir. 1993). Viewing the facts in a light most favorable to the Plaintiff, no genuine issue of material fact exists, and the Defendants are entitled to summary judgment.[3] See Ashford v. Gordon, No. CA 0:13-cv-1113-JFA,, 2014 WL 4417362 (D.S.C., 2014), aff'd, 589 F. App'x 107 (4th Cir. Sept. 8, 2014).

Additionally, the Defendants are entitled to summary judgment pursuant to the

---

[2]The facts in this case contrast greatly with Wilkins v. Gaddy, 559 U.S. 34, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010). "Wilkins alleged that he was punched, kicked, kneed, choked, and body slammed 'maliciously and sadistically' and '[w]ithout any provocation.'" Id. at 38. In holding that *de minimus* injury alone was not a sufficient ground to dismiss an excessive force claim, the Court stated, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Id. at 38. In the case at bar, the two alleged punches were in the course of trying to restrain the Plaintiff after he repeatedly refused to comply with the orders of the FCMT and physically barricaded himself behind his mattress.

[3]The Plaintiff's claims against Defendant Cartledge fail to state a claim under §1983. Plaintiff alleges Defendant Cartledge "encouraged the FCMT to gas me without cause and strip me out." (Dkt. No. 56 at 3 of 5.) This court has held the use of force did not violate the Plaintiff's constitutional or statutory rights. Therefore Defendant Cartledge's alleged encouragement would not be actionable. Additionally the Plaintiff alleges Defendant Cartledge "is liable for violating policy and having his officers indulge in such hinderous [sic] misconduct." (Dkt. No. 56 at 5 of 5.) This claim is not actionable either. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

doctrine of qualified immunity. "Qualified immunity shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hill v. Crum, 727 F.3d 312, 321 (4th Cir. 2013)(*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Qualified immunity protects officers from liability for "bad guesses in gray areas" and bases liability on the violation of bright-line rules. Id. (*quoting* Braun v. Maynard, 652 F.3d 557, 560 (4th Cir. 2011)).

To determine whether a defendant is entitled to qualified immunity, the court must examine whether the defendant violated the plaintiff's constitutional or statutory rights and, if so, whether the defendant's "conduct was objectively reasonable in view of the clearly established law at the time of the alleged event." Id.    As discussed *supra*, this court does not find that the Plaintiff's rights were violated. However, even if they were violated, the Defendants were acting within their reasonable discretion and did not violate any right that was clearly established. Under the circumstances, the use of mace and striking the Plaintiff while he struggled against them were reasonable actions to attempt to restore order. The video makes it clear that the Plaintiff was not subdued or restrained at the time he was sprayed with mace and struck by the Defendants. A reasonable officer in the Defendants' positions would not know spraying mace or striking the Plaintiff to subdue him violated his rights.

In viewing the facts in the light most favorable to the Plaintiff, no genuine issue of material fact exists as to the Defendants being shielded from suit under the qualified immunity doctrine, and the Defendants are entitled to summary judgment as a matter of law. See Hill, 727 F.3d at 325 (holding defendant was entitled to judgment as a matter of law where the excessive force claims brought against him by a prisoner fell within the doctrine of qualified immunity).

**Conclusion**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 78) be GRANTED.

IT IS SO RECOMMENDED.

March 20, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).